CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/27/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| NA'STARJA S., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Civil Action No: 6:22-cv -00052 |
| v. | ) |
| | ) |
| MARTIN O'MALLEY, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

This social security disability appeal was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on February 29, 2024, recommending that this court deny Plaintiff's summary judgment motion, grant the Commissioner's summary judgment motion, and affirm the Commissioner's final decision. Dkt. 20. Plaintiff, proceeding pro se, filed objections to the R&R and this matter is now ripe for consideration.  I overrule Plaintiff's objections, adopt the magistrate judge's R&R in its entirety, and grant the Commissioner's summary judgment motion.

### I.    BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

### II.    DISCUSSION

#### A. Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings

or recommendations to which a timely objection has been made. *Elijah v. Dunbar,* 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 139 S. Ct. at 1154 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing

for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589). However, a reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

### B. Analysis

Plaintiff objects to the following aspects of the R&R:

1) The R&R erred by finding the ALJ properly weighed the opinions of her treating physicians.

2) The R&R erred by failing to recommend an award of benefits, as plaintiff argues she should have been found disabled.

I have conducted a careful de novo review of Plaintiff's objections, the record, the R&R, the arguments of counsel and the pro se plaintiff, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt. 21, are **DENIED**;

2. The Magistrate Judge's Report and Recommendation, Dkt. 20, is fully **ACCEPTED** and **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment, Dkt. 14 is **DENIED**;

4. The Commissioner's Motion for Summary Judgment, Dkt. 17, is **GRANTED**;

5. The decision of the Commissioner is **AFFIRMED**; and

6. A separate final judgment will be entered.

                                        Entered:  March 27, 2024

                                        *Robert S. Ballou*

                                        Robert S. Ballou
                                        United States District Judge